# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| CHRISTOPHER LEE PROSSER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v.  ) | No. 4:08CV44 DJS |
| ) | |
| GOVINARAJULU NAGALDINNE, ) | |
| et al., ) | |
| ) | |
| Defendants. ) | |

## **MEMORANDUM AND ORDER**

The matters before the Court are upon the motion of plaintiff (registration no. 189586), an inmate at Farmington Correctional Center, for leave to commence this action without payment of the required filing fee [Doc. #2]; plaintiff's motion for appointment of counsel [Doc. #4]; and plaintiff's first amended motion for appointment of counsel [Doc. #7]. For the reasons stated below, the Court finds that plaintiff does not have sufficient funds to pay the entire filing fee and will assess an initial partial filing fee of $32.77. See 28 U.S.C. § 1915(b)(1). Furthermore, after reviewing the complaint, the Court will order the Clerk to issue process or cause process to be issued on the complaint. Finally, the Court finds that the interests of justice would be served by appointment of counsel in this case.

**28 U.S.C. § 1915(b)(1)**

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. Id.

Plaintiff has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint. A review of plaintiff's account indicates an average monthly deposit of $163.84, and an average monthly balance of $76.27. Plaintiff has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $32.77, which is 20 percent of plaintiff's average monthly deposit..

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis in either law or in fact." Neitzke v. Williams, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 32-33 (1992); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

## The Complaint

Plaintiff brings this civil rights action pursuant to 42 U.S.C. § 1983 alleging that defendants were deliberately indifferent to his serious medical needs. Named as defendants are: Correctional Medical Services ("CMS"); Govinarajulu Nagaldinne (doctor at CMS); Laurain Hendricks (doctor at CMS); Elisabeth Conley (doctor at

CMS); Larry Crawford (Director, Missouri Department of Corrections); and Al Luebbers (Superintendent of Farmington Correctional Center). Plaintiff claims that during his incarceration he suffered an injury to his back and spinal cord. He asserts that despite his repeated requests for medical assistance, defendants ignored his medical needs and/or refused to treat him in the prescribed medical manner causing permanent and substantial injury to his back, legs and spinal cord. Plaintiff alleges that CMS has a policy and custom of failing and/or refusing to provide proper medical treatment to prisoners and that defendants Crawford and Luebbers know of this policy and custom but nevertheless continue to contract with CMS to provide substandard medical services to inmates at facilities governed by the Missouri Department of Corrections. Because plaintiff's claims survive initial review under 28 U.S.C. § 1915, the Court will order the Clerk to issue process on plaintiff's complaint.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial filing fee of $32.77 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it:

(1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that if plaintiff fails to pay the initial partial filing fee within thirty (30) days of the date of this Order, then this case will be dismissed without prejudice.

**IT IS FURTHER ORDERED** that the Clerk shall issue process or cause process to issue upon the complaint.

**IT IS FURTHER ORDERED** that, pursuant to 42 U.S.C. § 1997e(g)(2), defendants shall reply to plaintiff's claims within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that this case is assigned to Track 5B: Prisoner Standard.

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel [Doc. #4] is granted.

**IT IS FURTHER ORDERED** that, pursuant to the Court's inherent power and 28 U.S.C. §1915(e)(1), **Phillip R. Gibson, 2400 S. Lee's Summit Rd., Suite 200, Independence, MO 64055**, is appointed to represent plaintiff in this action. If counsel is not admitted to the bar of this Court, he shall file a verified motion requesting admission pro hac vice, pursuant to the Court's local rules.

**IT IS FURTHER ORDERED** that plaintiff's counsel is granted thirty (30) days from the date of this order to file an amended complaint, if deemed appropriate.

**IT IS FURTHER ORDERED** that plaintiff's first amended motion for appointment of counsel [Doc. #7] is denied as moot.

Dated  30th  day of January, 2008.

/s/Donald J. Stohr
UNITED STATES DISTRICT JUDGE